UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KYLE PATTON and MALIK
ALEXANDER, on their own behalf
and on behalf of those similarly
situated,                                        CASE NO.:

     Plaintiffs,

vs.

SHED MOVING OF FLORIDA, INC.,
a Florida Profit Corporation, and
NATHAN GARROW, Individually,

     Defendants.                                        /

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiffs, KYLE PATTON ("PATTON") and MALIK ALEXANDER ("ALEXANDER"), on their own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiffs"), were employees of Defendants, SHED MOVING OF FLORIDA, INC., ("SHED") and NATHAN GARROW, Individually ("GARROW") (collectively referred to as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for

1

health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular rate of pay whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and those similarly situated to them and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendants in this case violated the FLSA by failing to pay Plaintiffs and other similarly-situated employees time and one-half compensation for all of their hours worked over forty (40) each week.

2

7.     This action is intended to include each and every Shed Mover (hereinafter collectively as "Shed Movers") who performed services for Defendants at any time within the past three (3) years[1].

## PARTIES

8.     Plaintiffs, and those similarly situated individuals ("collective members"), were hourly paid Shed Movers who performed services for Defendants.

9.     Defendant, SHED, is a Florida Profit Corporation.

10.     At all times relevant to this action, GARROW was an individual resident of the State of Florida, who owned and/or operated SHED, and who regularly exercised the authority to: (a) hire and fire employees of SHED; (b) determine the work and pay schedules for the employees of SHED; (c) control the finances and operations of SHED; and (d) was responsible for the overall business operations of SHED.

11.     Defendants are in the business of providing shed transport services.

## JURISDICTION

12.     This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

13.     Defendants conduct business in, among others, Volusia County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

14.     At all material times during the last three years, Defendant, SHED was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

---

[1] Prior to the filing of this Complaint, SHED and Plaintiffs entered into a tolling agreement tolling the statute of limitations for PATTON and ALEXANDER as if their claims were filed on

15. At all material times during the last three years, Defendants were employers as defined by 29 U.S.C. § 203(d).

16. Based on information and belief, SHED has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

17. At all times material, Defendant, SHED has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. machinery, equipment, tools, computers, and/or office supplies).

18. Therefore Defendant, SHED is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§203(r) and 203(s).

## FACTUAL ALLEGATIONS

19. Defendant, SHED is a company classified as a shed mover company.

20. Defendants employ numerous Shed Movers who perform services for Defendants throughout the state of Florida.

21. Defendants were "employers" of Plaintiffs under the FLSA.

22. PATTON performed shed mover duties for Defendants from approximately October 2019 through May 2024.

August 6, 2021.

4

23.    ALEXANDER performed driver/shed mover duties for Defendants from approximately June 2021 through July 2024.

24.    PATTON and ALEXANDER were hired by GARROW.

25.    Defendants paid Plaintiffs and those similarly situated to them an hourly rate in exchange for duties performed on behalf of Defendants.

26.    GARROW set Plaintiffs and those similarly situated to them hourly rate(s).

27.    Plaintiffs and those similarly situated to them routinely worked in excess of forty (40) hours per week as part of their regular job duties.

28.    Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs, and those similarly situated to them, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

29.    Defendants have a common pay policy and/or pay practice which fails to pay its shed movers at a rate of time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per week.

30.    Instead, Defendants paid Plaintiffs, and those similarly situated to them, their regular hourly rate for all hours worked over forty (40) in a workweek.

31.    As a result, Plaintiffs, and those similarly situated to them, have not been compensated for all hours worked in excess of forty (40) hours during one or more workweeks.

32.    Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiffs and those similarly situated to them.

33.    Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

34.    Defendants have acted willfully in failing to pay Plaintiffs and those similarly situated to them in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

35.    Plaintiffs and the collective members performed the same or similar job duties as one another in that they performed shed mover duties on behalf of Defendants.

36.    Plaintiffs and the collective members were all hired by Defendants to perform shed mover duties.

37.    Defendants were "employers" of the collective members under the FLSA.

38.    Plaintiffs and the collective members were all paid an hourly rate for the work performed.

39.    Plaintiffs and the collective members worked similar hours, including more than forty (40) hours per week during one or more workweeks.

40.    Plaintiffs and the collective members were subjected to the same pay provisions, inasmuch as they were not compensated additional compensation for their overtime hours worked during one or more workweeks.

41.    Plaintiffs and the collective members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek during one or more workweeks.  Thus, the collective members are owed overtime wages for the same reasons as Plaintiffs.

42. Defendants' failure to compensate Plaintiffs and the collective members the correct rate for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failing to pay them proper overtime compensation based on their uniform pay policy, applicable to all putative collective members herein.

43. These policies or practices were applicable to Plaintiffs and the collective members.

44. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiffs applies to all collective members. Accordingly, the collective members are properly defined as:

> **All hourly paid Shed Movers who worked for Defendants within the last three (3) years and who were not compensated at time-and-one-half of their regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks.**

45. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiffs and the collective members.

46. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

47. Defendants did not have any good faith basis for its failure to pay Plaintiffs, and those similarly situated to them, their proper overtime compensation.

48. Defendants have acted willfully in failing to pay Plaintiffs and the collective members in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

49. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-48 above.

50. Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

51. During their employment with Defendants, Plaintiffs, and those similarly situated to them, regularly worked overtime hours, but were not paid time and one-half compensation for each of those hours.

52. Defendants were aware of the overtime hours worked by Plaintiffs and its other Shed Movers.

53. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs and those similarly situated to them time and one-half their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs, and those similarly situated to them, have suffered damages, plus incurring reasonable attorneys' fees and costs.

54. As a result of Defendants' willful violation of the FLSA, Plaintiffs, and those similarly situated to them, are entitled to liquidated damages.

WHEREFORE, Plaintiffs, and those similarly situated employees, demand judgment against Defendants for:

> a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Collective, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;
>
> b) The payment of all overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them;

c) Liquidated damages;

d) Reasonable attorneys' fees and costs incurred in this action;

e) Pre- and post-judgment interest as provided by law;

f) Trial by jury on all issues so triable;

g) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: January 21, 2025.                    Respectfully submitted by,

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
(*Lead Counsel*)
Bar No.:  0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com

*Trial Attorneys for Plaintiffs*